**State of Vermont v. Gerald A. Lamb, Sr.**

[453 A.2d 78]

No. 361-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed October 8, 1982

*Christopher Baril,* Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Jacqueline Majoros,* Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

Hill, J. The defendant was convicted by a jury of simple assault on a police officer in violation of 13 V.S.A. §§ 1023(a)(1), 1028 (1974 & Cum. Supp. 1982). It is from this conviction that he appeals. We affirm.

Believing that an automobile was leaving the scene of an accident, two Vermont state troopers stopped the vehicle. The driver of the auto was the defendant. One of the troopers requested the defendant's license and registration. The defend-

ant looked for his registration in the glove compartment, but was unable to produce it. For whatever reason, he left the vehicle shouting obscenities. The officers warned the defendant to cease his behavior or face arrest for disorderly conduct. He continued his conduct and the officers arrested him. As the defendant was being handcuffed, he broke away from one of the officers, spun around, and struck the other officer in the eye. This blow caused the officer's eye to bleed, swell, and turn black. The defendant was driven to the police station where, as testified by the accompanying officer, the defendant admitted "that he punched me intentionally, that he was glad he punched me. If he could get the handcuffs off, he would do it again."

The defendant testified that although he did not recall whether he had punched the officer he had not intended to punch him. The defendant further testified that the officers had physically abused him in the course of the ride to the police barracks, although he did not claim any injuries from that abuse. After first denying that he confessed the crime at the barracks, he testified that he may have made the statement, but did not recall it. The defendant then offered some photographs showing injuries he claimed he had received in the ride to the barracks. The State objected to the introduction of the photos. The defendant offered them to corroborate the injuries and to explain the confession at the barracks. The trial judge ruled that he would not "allow those photographs to be admitted, as offered, at this stage of the proceedings; and will not allow the testimony regarding photographs." The court further ruled that the defendant could offer evidence to explain his statement to the trooper. The court concluded as follows:

> If, on cross-examination, your client is impeached, with regard to the injuries, as such, I will reconsider and I will consider a possible reoffering of the photographs. But, at the present state of the evidence, I'm not allowing them.

The sole question briefed and argued by the defendant was whether the court erred in excluding the photographs depicting the defendant's post arrest injuries. He claims that the photographs were relevant and admissible to explain his subsequent statement that he had intended to strike the officer and was glad he did it.

Assuming that the offered photographs were relevant, the defendant contends that the court could only exercise its discretion on a finding that the probative value is overwhelmed by their probable prejudicial impact on the jury. He points to our holdings in *State* v. *Mecier,* 138 Vt. 149, 156, 412 A.2d 291, 295 (1980), and *State* v. *Rebideau,* 132 Vt. 445, 450, 321 A.2d 58, 61 (1974).

■■ He has misstated our rule. The rule in Vermont is that the question of the admissibility of photographs is largely in the discretion of the trial court. *Killary* v. *Burlington-Lake Champlain Chamber of Commerce, Inc.,* 123 Vt. 256, 267, 186 A.2d 170, 177 (1962). Nor does *State* v. *Mecier, supra,* alter this rule. Our Court in that case did say that "[t]he admissibility of photographic evidence requires the trial court to balance its relevancy against its possible prejudicial effect." *Id.* at 156, 412 A.2d at 295 (citing *State* v. *Rebideau, supra*). We specifically noted, however, that "[t]he decision on admissibility of such evidence is a discretionary one, and ordinarily the ruling of the trial court is not reviewable." *Id.* (citing *Killary* v. *Burlington-Lake Champlain Chamber of Commerce, Inc., supra*).

■ Here the trial court certainly did not abuse its discretion. The defendant had not even testified to the injuries the photographs supposedly depicted. Moreover, the defendant was given the opportunity to go forward with an explanation and, in case of impeachment, renew his offer of the photographs. He did not renew the offer. Viewing the total circumstances of the rejection of the photographs, the defendant failed to even establish their admissibility, let alone a reversible abuse of discretion.

Relying on *Chambers* v. *Mississippi,* 410 U.S. 284 (1973), the defendant also contends that the exclusion of the photographs violated his right to due process of law under the United States Constitution. We disagree. As even the most cursory comparison of *Chambers* and this case would reveal, this argument is utterly without merit.

*Affirmed.*